A. M. GAMMON *v*. MARY E. WILLIAMS ET AL.

Pleading—Bringing New Suit.

> A purchaser of the right in the land of a litigant, will not be de-feated in his recovery, by bringing a new suit, against the defendant, instead of taking charge of and becoming a party to his vendors litigation.

APPEAL FROM METCALFE CIRCUIT COURT.

March 3, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

When the father-in-law, Walbert, conveyed the 270 acres of land to his son-in-law, Williams, although the recited consideration of $400 was acknowledged as paid, yet it is evident he only paid $100, and subsequently paid other sums. Three hundred dollars of the recited purchase price remained to be paid in three equal annual installments.

When appellant purchased of Walbert his claim on Williams then being litigated by suit he had the right and it would have been more appropriate for him to have taken charge of Walbert's suit and become a party to it, than to begin a new suit in his own name based upon the allegations of Walbert's petition; however, this will not prevent such recovery as would be appropriate.

The only allowable claim, however, as established by this suit is as to the unpaid consideration recited in the deed, that is, whatever sum of the recited four hundred dollars that yet remains unpaid.

Wherefore, the judgment is reversed, with directions to refer the cause to a master to ascertain what yet remains unpaid of the said four hundred dollars recited consideration, and to adjudge against the estate of Williams this ascertained amount; as the deed recited a paid consideration, there is no vendor's lien under our statute, but as he claims there was no attachment lien on the land which was destroyed by the burning of the clerk's

office, he should be allowed this on its establishment, and the proper setting up the lost records of the pending suit.

*Harlan, for appellant.*

*Garrett & Dehoney, for appellees.*